UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brian Menge

     *Plaintiff,*                                                       Case No.
                                                                                  Judge

v

City of Highland Park,
a municipal corporation

     *Defendants*.

_____/

Robin H. Kyle P33330
Attorney For Plaintiff
1701 Balmoral Dr
Detroit, Michigan 48203
Off. 313-826-0155
Cell: 313-492-2691
robinhkyle@comcast.net
kyleassocpc@gmail.com

_____/

## COMPLAINT & DEMAND FOR TRIAL BY JURY

     Now comes the Plaintiff Brian Menge by and through his undersigned attorney Robin H. Kyle and for his Complaint against Defendant states as follows:

### PARTIES

**1.** Plaintiff was at all relevant times herein alleged an individual who resided in the city of Taylor, County of Wayne and State of Michigan. Plaintiff is a police officer employed with the Defendant's police department. Plaintiff was hired as a police officer by Defendant on July 18, 2014 and was promoted to the rank of detective on October 8, 2014. See **Exhibit 4.**

Plaintiff was at all relevant times a veteran entitled to veteran's protection in his employment pursuant to state law MCL §15.364.  Plaintiff is a 47 year old Caucasian male.

2. Defendant is a municipal corporation exercising its functions within the boundaries of the city of Highland Park, Michigan in the County of Wayne.

## JURISDICTION

3. This matter is properly within the jurisdiction and venue of The United States District Court for the Eastern District of Michigan, Southern Division.  This action involves a claim arising under the United States Constitution and laws of the United States.

4. This action involves *inter-alia*, claims under 42 U.S.C. §1983, and deprivation of Plaintiff's constitutional rights to free speech under the First Amendment and liberty and property under the Fourteenth Amendment of the United States Constitution.  This Court is therefore vested with proper subject matter jurisdiction pursuant to 28 USC §1343(a)(3), 28 USC § 1331 and 28 USC § 1367.

## GENERAL ALLEGATIONS

5. Plaintiff at all relevant times had a liberty and property interest in his position as a Sergeant in the detective division of Defendant's Highland Park Police Department.

6. Plaintiff's interest are protected by the First Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, to wit: Plaintiff's choice of career and occupation.  See *Wilkerson v. Johnson,* 699 F.2d 325, 328 (6th Cir. 1983) ("Liberty and property interests are intricately related in our system of political economy, a system based on free choice of careers and occupations, private property, and the right to compete.").

7. Plaintiff's interests are also protected by the First Amendment of the United States Constitution, to wit: Plaintiff's right to give truthful testimony.  See *Elrod v. Burns*, 427

U.S. 347, 373-74 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury). Citing *New York Times Co*. v. *United States*, 403 U.S. 713, 719; 91 S. Ct. 2140 (1971).

### PLAINTIFF'S STATUS UNDER VETERANS PROTECTION ACT MCL §35.4012

8. Plaintiff also had a substantive right under state law as a veteran, to be free from governmental interreference with his position as a detective, except upon proof of:" just cause," as narrowly defined under state law, and only after a pre-demotion/transfer hearing. See MCL §35.4012.

9. MCL §35.4012 is known as the Veterans Protection Act (hereinafter "act" or "VPA").

10. The VPA ". . . entitles a veteran to notice and a hearing before his employer may take any action against him with respect to his employment. See *Jackson v Detroit Police Chief*, 201 Mich. App. 173, 176; 506 N.W.2d 251 (1993).

11. Because the VPA converts at-will public employment into just-cause employment it gives a veteran a property interest in continuing such employment once it is secured. *Adams v. Detroit*, 184 Mich. App. 589, 593-94 (Mich. Ct. App. 1990).

12. Failure to comply with the procedural requirements of the VPA supports a due-process claim under the Fourteenth Amendment. *Jackson v. Detroit Police Chief*, 201 Mich. App. 173, 177; 506 N..2d 251 (1993).

13. The VPA also grants the Plaintiff a constitutionally protected property right in continued employment. *Cleveland Board of Education v Loudermill* 470 US 532, 541; 105 SC 1487 (1985).

3

14. Once a state legislature confers a property interest in public employment, the employer may not deprive the employee of the interest without "appropriate procedural safeguards. *Supra*., 541-42. See also *See Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir. 1999).

**PLAINTIFF'S STATUS UNDER
THE ADEA 26 U.S.C. § 621**

15. Plaintiff was at all relevant times 47 years old and was entitled to protection from discrimination in employment based upon his age, as more particularly set forth in **Count II**, *infra*.

**Denial of Procedural Due Process**

16. Defendant did not afford Plaintiff any adequate procedural rights prior to depriving Plaintiff without due process of the liberty and property interest in Plaintiff's continued employment as a detective.

17. Plaintiff's rights under the Fourteenth Amendments' guarantee of `due process of law' were violated by Defendant when Defendant infringed upon Plaintiff's fundamental' liberty and property interests in his continued employment as a detective by not having his duties and conditions of employment changed in violation of Plaintiff's property rights under the VPA.

18. Plaintiff had a right under the VPA not to be transferred out of the detective division to the patrol division without just cause and a pre-transfer hearing as defined under the VPA. Defendant's statutory and constitutional violations are continuing in nature.

19. The Sixth Circuit "has recognized that the Constitution protects a person's choice of careers and occupations." *Women's Medical Professional Corp. v. Baird, 483 F. 3d 595, 612* (6th Cir. 2006) (citing *Wilkerson v. Johnson, 699 F. 2d 325,* (6th Cir. 1983) ("Liberty and

4

property interests are intricately related in our system of political economy, a system based on free choice of careers and occupations, private property, and the right to compete.").[1]

20. Plaintiff at all relevant times had "the right to be free from" [Defendant's unauthorized] harassment actions and violations of MCL 35 §4012 which substantially impaired Plaintiff's freedom and property interest in his continued employment as a detective. *See Green v McElroy*, 360 U.S. 474, 492 n. 22 (1959); *Bright v Gallia Cnty* 753 F. 3d 639, 652 (6th Cir 2014).

21. At all times herein alleged Defendant acted under color of state law.

22. Defendant's conduct and constitutional violations under 42 U.S.C. §1983, are both procedural due process and substantive constitutional violations, based on official conduct which shocks the conscience and "may not take place no matter what procedural protections accompany them" *Wilson v. Beebe* 770 F.2d 578, 587 (6th Cir. 1985).

## PLAINTIFF'S FIRST AMENDMENT CLAIM
## (DEFENDANT'S RETALIATION)

23. Defendant's unlawful conduct deprived Plaintiff of rights secured under federal law. See *Handy-Clay v City of Memphis*, 695 F. 3d 531, 539 (6th Cir 2012) ) citing *Friz v Charter Twp of Comstock*, 592 F. 3d 718, 722 (6th Cir 2010)).

24. Plaintiff was at all relevant times engaged in constitutionally protected conduct, and conduct protected under state law, including giving testimony and pursuing a career as a detective.

---

[1] Other courts have held that a person has a property interest in continued operation of a business. *See United States v. Tropiano*, 418 F. 2d 1069, 1076 (2d Cir 1969 ("The right to pursue a lawful business . . . has long been recognized as a property right within the protection of the Fifth and Fourteenth Amendments of the Constitution. *Small v. United States,* 333 F. 2d 702 (3d Cir 1964) ("The right to pursue a lawful business or occupation is a right of property which the law protects against intentional and unjustifiable interference.

25. Defendant at all relevant times engaged in conduct that is prohibited under state and federal law.

26. Defendant engaged in conduct against Plaintiff that was also malicious, retaliatory conduct and adverse employment actions that had no legal basis whatsoever.

27. The adverse actions taken by Defendant were motivated at least in part by Plaintiff's protected conduct and his protected status as a veteran and Plaintiff's status as a whistle blower under state law. MCL §15.364.

28. The adverse action was proximately caused by Defendant's acts, which were "motivated in substantial part" by Defendant's desire to punish Plaintiff for exercise of a constitutional right, to wit performing his sworn duties as a police officer by giving testimony in a deposition that was unfavorable to the Defendant.

29. On February 19, 2019, Plaintiff gave a deposition in a lawsuit involving a terminated police sergeant who was suing the Defendant under the WPA, alleging wrongful termination in connection with an arrest of the Highland Park Mayor's son.

30. Plaintiff gave truthful testimony that was nevertheless harmful to Defendant and supportive of the terminated police sergeant's WPA action. See Plaintiff's deposition in *Dupius v City of Highland Park,* 3rd Judicial Circuit Case No. 18-005616-CL, COA No. 351561. See Plf Menge deposition pp. 20, 36-37, **Exhibit 6.**

31. Briefly, Plaintiff testified, *inter-alia* that the terminated police sergeant was not responsible for failing to release a suspect prisoner because the oversight was his Plaintiff Menge's fault.

32. Both the failure to release the prisoner and subsequent release of the prisoner served as a pretext basis for the Defendant's termination of sergeant Dupius in violation of the WPA.

33. Plaintiff's testimony displeased the Defendant's Mayor, who subsequently ordered Plaintiff's demotion and transfer from the detective division to the patrol division of Defendant's police department.

34. Defendant was fully aware of Plaintiff's engagement in constitutionally protected conduct and his status as a veteran when Defendant took adverse employment action against Plaintiff, demoting and or transferring Plaintiff to the patrol division.

35. "[T]he chronology of events in this litigation supports an inference of causation," including "temporal proximity between the speech and the adverse [employment] action." *Handy–Clay* 695 F. 3d at 545-46; (6th Cir 2012), *see also, King v. Zamiara*, 680 F. 3d 686, 695 (6th Cir 2012).

36. Under state and federal law the Plaintiff had the right to give truthful testimony at a deposition, even if the testimony was against the Defendant's interest. See MCL §15.364.

**DEFENDANT'S RETALIATION VIOLATES
STATE & FEDERAL LAW**

37. Under state law the Plaintiff had the right under the VPA to a "full hearing," "establishing misconduct," before being demoted or transferred from his position as a detective. MCL 35. §4012.

38. Under state law the Plaintiff had the right under the VPA to only be demoted or transferred for narrowly defined just cause. *Id.*

7

39. Under state law the Plaintiff is protected from being subjected to adverse employment actions for testifying in WPA litigation against the Defendant. See MCL §15.364.

40. Defendant's actions violated Plaintiff's substantive property interest under federal and state law and also violated Plaintiff's procedural due process rights under federal and state law.

41. The constitutional violations herein alleged are not merely a property interest taken as a result of a random unauthorized act by Defendant.

42. This case involves an intentional, procedural and substantive violations of Plaintiff's constitutional rights to property, speech, and substantive due process.

43. The discriminatory treatment against Plaintiff was intentional, severe, pervasive conduct.

44. By virtue of the premises herein alleged Defendant violated Plaintiff's constitutional rights to a pursue a career of Plaintiff's own choosing and freedom of speech, the freedom to testify truthfully and freely without government retaliation.

45. The constitutional rights violated by Defendant as herein alleged were clearly established at the time of Defendant's wrongful acts.

46. Defendant was not engaged in a discretionary function when it committed the discriminatory, unlawful acts alleged herein violating Plaintiffs' constitutional and statutory rights.

47. The Defendant by its discriminatory acts herein alleged illegally altered Plaintiff's working conditions.

48. The alteration of Plaintiff's working conditions were "sufficiently severe or pervasive to alter and did in fact alter the conditions of Plaintiff's employment. *Pa. State Police v. Suders*, 542 U.S. 129, 133, 124 S.Ct. 2342, 2347, 159 L. Ed 2d 204 (2004).

## DEMOTION/TRANSFER VIOLATION OF VPA PRETEXT FOR DISCRIMINATION

49. On September 17, 2020 Defendant's Mayor Hubert Yopp, signed a memorandum indicating in relevant part: " Effective Immediately . . . Detective Brian Menge [Plaintiff] will be assigned to the patrol division." See **Exhibit 1**, attached.

50. Reassignment from the rank of Detective to a patrol officer is a de-facto demotion involving a drastic change in Plaintiff's duties, risk, responsibilities and a reduction in fringe benefits.

51. On September 18, 2020, Plaintiff filed an EEOC complaint against Defendant, alleging discrimination based upon Plaintiff's race as a Caucasian and also based upon Plaintiff's age and status as a veteran.

52. Plaintiff at the time of his demotion/transfer had over 6 years, experience as a detective.

53. Plaintiff was replaced by a non-veteran individual with only three years, experience.

54. Plaintiff was 47 years old at the time of his demotion.

55. Based upon information and belief, the individual who replaced Plaintiff was approximately 27 years old,

56. The week before Plaintiff's demotion, Defendant's Mayor Yopp had a conversation with a black detective, (Detective Thomas) and informed him, that he (Yopp) was

9

not going to force Thomas out of the detective bureau and back to patrol "because Thomas was older."

57. On September 28, 2020, Plaintiff complained to his superiors that Plaintiff's rights under the Veterans Protection Act were being violated and demanded a hearing under the VPA. See Email dated September 28, 2020. Attached, **Exhibit 2**.

58. Subsequently, in an inexplicable email on October 4, 2020, Defendant's Mayor wrote to Plaintiff, explaining his decision to transfer and demote Plaintiff as follows:

> In an effort to train other officers on how to be a proficient police detective you will be rotated out of the Detective Bureau so another officer can begin training.

(See **Exhibit 3**, attached.)

59. Defendant's October 4, 2020, after the fact explanation of reasons for demoting and transferring Plaintiff (Defendant having already demoted Plaintiff on September18, 2020) were a pretext for discrimination against Plaintiff on the basis of age his status as a veteran and in retaliation for Plaintiff's testimony.

60. Defendant offered numerous differing explanations for its reasons for demoting/transferring Plaintiff.

61. Defendant's different explanations for Plaintiff's demotion are evidence of pretext for discrimination. See *Thurman v Yellow Freight Sys, Inc*, 90 F3d 1160, 1167 (CA 6, 1996) ("An employer's changing rationale for making an adverse employment decision can be evidence of pretext.").

62. On or about September 29, 2020, Dwight Thomas from Local 214 was at city hall, dropping off Plaintiff's union grievance and Thomas encountered Mayor Yopp who

informed Thomas Plaintiff was "transferred" because Plaintiff worked too many overtime hours. *Id*.

63. Defendant's correspondence since the Plaintiff's demotion have characterized the Plaintiff's demotion as a "rota[tion]." See **Exhibit 3**.

64. Defendant has also characterized Plaintiff's demotion as an "assignment." See **Exhibit 1.**

65. While Defendant has characterized Plaintiff's demotion as a "transfer," an "assignment" and even a "rotation," in reality Plaintiff was demoted. Cf., **Exhibit 4**.

66. Defendant attempts to characterize its employment action against Plaintiff as a "rotation," "transfer," or "assignment," are nevertheless prohibited under the VPA, which explicitly proscribes "transfers" and "removals" "except for official misconduct" and gives a property right to Plaintiff in his position as a detective.

67. On October 8, 2014, when Plaintiff was promoted from the patrol division to the Detective Bureau. Defendant's police chief Kevin Coney described Plaintiff's change in position as a "Promotion." See **Exhibit 4.**

68. Specifically Chief Kevin Coney's October 8, 2014, memorandum said the following: "Officer Brian Menge has been **promoted** to the rank of Detective effective October 8, 2014." Emphasis added. *Id*.

69. Defendant's differing explanations for why Defendant demoted Plaintiff lack credibility and are an illegal pretext for Defendant's actual discriminatory reasons as herein alleged for demoting Plaintiff, in violation of the VPA, the WPA as well as procedural and substantive due process violations under the U.S. Constitution, 42 U.S.C. §1983, and the ADEA 26 U.S.C. § 621.

## PROCEDURAL AND SUBSTANTIVE DUE PROCESS
## VIOLATIONS OF VPA

70. Defendant refused to provide Plaintiff or his counsel with a pre-demotion hearing, in violation of the VPA.

71. As hereinbefore alleged the VPA requires a hearing before any adverse employment action may be made respecting a veteran. See MCL 35 §4012.

72. MCL 35 §4012 requires Plaintiff be provided a hearing and "Notice in writing stating the cause or causes for "removal, transfer or suspension" at least 15 days prior to the hearing." *Id.*

73. Defendant has failed, neglected and refused to provide Plaintiff with "written" "notice" of the "cause or causes" for Plaintiff's "transfer," "removal," and demotion.

74. Defendant has likewise failed, refused and neglected to provide Plaintiff with a hearing before Plaintiff's September 20, 2020, demotion.

75. Defendant has nevertheless "transferred," and demoted Plaintiff, drastically changing his duties and reduced Plaintiff's benefits without any hearing or notice of cause, whatsoever.

76. On or about October 27, 2020, Mayor Yopp requested Sgt McMahon assist in scheduling a so called "Preference in Employment hearing." See October 27, 2020, **Exhibit 5.**

77. The October 27, 2020, email, while saying nothing about the VPA, also indicated:

> Mr. Ford [city attorney] will be overseeing the hearing and providing a recommendation to the Mayor based upon the facts presented at the hearing.
> *Id*.

78. While not in conformance with the VPA's requirements of pre-hearing notice of charges under the VPA, a "hearing" was scheduled on December 1, 2020, and conducted on December 10, 2020.[2]

79. The transcript of the so-called "Veterans Preference Hearing" is attached as **Exhibit 7**, and the transcript categorically demonstrates the "Kangaroo" nature of the Defendant's hearing as well Defendant's utter failure to comply with the mandatory requirements for a pre-demotion hearing with notice of charges under the VPA. **Exhibit 7.**

80. The substantive and procedural, constitutional infirmities of Defendant's so-called "hearing" are palpable.

81. The VPA contains a number of additional procedural rights which were not afforded to Plaintiff, including demoting or transferring Plaintiff without providing Plaintiff a pre-demotion hearing.

82. Defendant also demoted or transferred Plaintiff without providing notice in writing of the cause and reasons for Plaintiff's transfer or demotion at least 15 days prior to the hearing.

83. Defendant further denied Plaintiff the ability to summon witnesses for the so-called hearing.

84. Defendant did not even allege must less establish "official misconduct, habitual, serious or willful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony . . ." or any other basis for Plaintiff's demotion as required under the VPA.

---

[2] The VPA contains a number of additional procedural rights which were not afforded to Plaintiff, including: a demotion, transfer without a pre-demotion hearing; failing to provide notice in writing of the cause and reasons for transfer or demotion at least 15 days prior to the hearing; the ability to summon witnesses; and Defendant engaged in a shifting of the burden of proof from Defendant to Plaintiff.

85.     Defendant has intentionally persisted in denying Plaintiff his position as a detective, notwithstanding a complete dearth of any evidence whatsoever demonstrating any cause under the VPA for "transferring" or "demoting" a veteran.  See Transcript of Hearing, passim.  **Exhibit 7.**

## COUNT 1
## VIOLATION OF 42 U.S.C. § 1983

86.     Plaintiff hereby re-alleges and incorporate by reference the allegations contained in paragraphs 1 through 88 word for word paragraph for paragraph as if fully re-stated herein.

87.     By virtue of the premises as hereinbefore alleged Defendant is guilty of violation of the Plaintiff's First Amendment rights of free speech under the United States Constitution and is liable to Plaintiff for damages including punitive damages pursuant to 42 U.S.C. §1983.

88.     By virtue of the premises as hereinbefore alleged, Defendant is guilty of punishing Plaintiff in retaliation for his exercise of a constitutional right, to wit performing his sworn duties as a police officer and pursuit of his chosen profession and giving truthful testimony, in violation of the Plaintiff's procedural due process rights.

89.     Defendant is liable to Plaintiff for damages including punitive damages pursuant to 42 U.S.C. §1983.

90.     By virtue of the premises hereinbefore alleged Defendant has violated and deprived Plaintiff of his liberty and property rights protected by the Due Process Clause under the First and Fourteenth Amendments of the United States Constitution.

91.     Nevertheless, there is no process or procedure that could legally justify depriving Plaintiff of his employment as a detective in complete derogation of Plaintiff's property rights under the VPA.

92. Defendant retaliated against Plaintiff for his exercising his right to testify and pursue his chosen career employment as a police detective and denied Plaintiff the right to perform his job according to state law.

93. Defendant further retaliated against Plaintiff by violating his property rights and denying Plaintiff the property right protections afforded under state law, to wit, the VPA.

94. Plaintiff's right to pursue a career as a detective is a right of property which the law protects against intentional and unjustifiable interference.

## RELIEF

95. Wherefore, Plaintiff respectfully prays that this Honorable Court will enter judgment in Plaintiff's favor and against Defendant for whatever sum of money in excess of $100,000.00 to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff costs, attorney fees, equitable relief, punitive damages and whatever other relief, including reinstatement of Plaintiff's employment and whatever remedies to which Plaintiff is lawfully and/or equitably entitled.

## COUNT II

### VIOLATION OF ADEA 26 U.S.C. § 621
### AGE DISCRIMINATION

96. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in paragraphs 1 through 96 word for word paragraph for paragraph as if fully re-stated

97. Based upon the premises as herein alleged the Defendant is guilty of age discrimination against Plaintiff in violation of the Age Discrimination in Employment Act 26 U.S.C. § 621, (hereinafter ADEA) and is liable to Plaintiff for damages therefore.

98. Plaintiff' was at the time of his demotion, transfer a 47-year old male veteran and is therefore within the protected age class which includes anyone over 40 years of age as protected under the ADEA.

99. Plaintiff was also qualified for the position of detective, as hereinbefore alleged.

100. Plaintiff was dismissed from his position as a detective, notwithstanding being qualified.

101. Plaintiff was replaced a significantly younger candidate who was upon information and belief in his twenties, and therefore supporting an inference of age discrimination.

102. Defendant cannot identify a legitimate non-discriminatory reason for illegally demoting or transferring Plaintiff in violation of the VPA, and out of the detective division into patrol.

103. Any alleged non-discriminatory reason proffered by Defendant is merely a pretext for illegal discrimination, as hereinbefore alleged.

104. Plaintiff as hereinbefore alleged satisfies the filing requirements under the ADEA.

105. Plaintiff reported Defendant's violation of the ADEA to the EEOC on September 17, 2020, which is the same date the ADEA violation happened.

106. Plaintiff has waited over sixty days for the EEOC to investigate.

107. Plaintiff's claim is further being filed within 180 days of Defendant's unlawful practice in violation of the ADEA.

Wherefore, Plaintiff respectfully prays that this Honorable Court will enter judgment in Plaintiff's favor and against Defendant for whatever sum of money in excess of $100,000.00 to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff costs, attorney fees,

equitable relief, punitive damages and whatever other relief, including reinstatement of Plaintiff's employment with full lost and back pay to which Plaintiff is lawfully and/or equitably entitled.

## COUNT III: VIOLATION OF VPA

108. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in paragraphs 1 through 110 word for word paragraph for paragraph as if fully re-stated.

109. By virtue of the premises as herein alleged the Defendant is guilty of violating Plaintiff's rights under the VPA and is liable to Plaintiff for all damages therefore.

## RELIEF

Wherefore, Plaintiff respectfully prays that this Honorable Court will enter judgment in Plaintiff's favor and against Defendant for whatever sum of money in excess of $100,000 to which Plaintiff is found to be lawfully entitled plus awarding Plaintiff costs, attorney fees, equitable relief, punitive damages and whatever other relief, including reinstatement of Plaintiff's employment and any other relief to which Plaintiff is lawfully and/or equitably entitled.

January 22, 2021

        Respectfully submitted,

By: *Robin R. Kyle*
    Robin H. Kyle (P-33330)
    Attorney for Plaintiff Brian Menge
    1701 Balmoral Dr
    Detroit, Michigan 48203
    Off:313-826-0155
    Cell:313-492-2691
    robinhkyle@comcast.net

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brian Menge

    *Plaintiff,*                  Case No.
                                      Judge

v

City of Highland Park,
a municipal corporation

    *Defendants*.

_____/

## **JURY DEMAND**

Now Comes the plaintiff by and through his undersigned attorney and hereby demands a trial by jury on all issues so triable in the above captioned matter.

January 22, 2021

                                 Respectfully submitted,

By:    /s/ Robin H. Kyle
               Robin H. Kyle (P-33330)
               Attorney for Plaintiff Brian Menge
               1701 Balmoral Dr
               Detroit, Michigan 48203
               Off:313-826-0155
               Cell:313-492-2691
               robinhkyle@comcast.net